IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MELISSA PINSON, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. GLR-20-1155 |
| STATE OF MARYLAND, et al., | * |
| Defendants. | * |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants the State of Maryland (the "State") and the Maryland Health Benefit Exchange's (the "Exchange") Motion to Dismiss (ECF No. 21). The Motion is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

### A. Factual Background[1]

Plaintiff Melissa Pinson alleges that after taking her position with the Exchange, she "became disabled" as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq. ("ADA"). (Compl. at 6, ECF No. 1). Specifically, Pinson was diagnosed with cancer and describes her disability as comprising "[c]ancer diagnosis and treatment, breathing/asthma." (Id. at 5). She informed the Exchange of her disability and requested a reasonable accommodation. (Id. at 6). Despite her diagnosis and resultant disabilities,

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pinson maintains that she "was able to perform." (Id.). She was nevertheless "alienated, treated differently than other employees, discriminated against, refused accommodation requests, received adverse reviews, [and] had [her] earnings and/or benefits reduced." (Id.).

Elsewhere, Pinson alleges that her "pay rate was reduced, [her] transfer requests denied, and/or [she] had to take lesser paying positions." (Relief Claimed Addendum/Continuation ["Addendum"] at 1, ECF No. 1-2). Unnamed individuals also picked fights with her, ignored her requests, demeaned her, berated her with vulgar language, and generally subjected her to "continuous, relentless mistreatment." (Id.). Pinson also asserts that the Exchange withdrew her authorized absence periods under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"), without adequate explanation. (Compl. at 6). The Exchange eventually terminated Pinson's employment. (Id.). These events occurred in 2015 and 2016, but "mostly 2016." (Id. at 5).

**B.**     **Procedural History**

Pinson exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") in 2016. (Dismissal & Notice Rights ["Right to Sue Letter"] at 1, ECF No. 1-3). The EEOC issued Pinson a letter notifying her of her rights to file suit on February 5, 2020. (Id.).

Pinson filed this lawsuit against the State and the Exchange on May 5, 2020. (ECF No. 1). Pinson's three-count Complaint alleges violations of: the ADA (Count I); the FMLA (Count II); and the Maryland Fair Employment Practices Act, Md. Code Ann., State

Gov't § 20-601 et seq. ("MFEPA") (Count III).² (Compl. at 4). Pinson seeks payment of past and future lost wages, reimbursement for other consequential damages, compensatory damages, and punitive damages. (Id. at 7).

On April 8, 2021, Defendants filed a Motion to Dismiss. (ECF No. 21). Pinson filed an Opposition on May 3, 2021, (ECF No. 24), and Defendants filed a Reply on May 17, 2021, (ECF No. 25).

## II. DISCUSSION

### A. Standard of Review

Defendants move to dismiss Pinson's claim under Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the United States Constitution. Fed.R.Civ.P. 12(b)(1); 28 U.S.C. § 1331. To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." AES Sparrows Point LNG, LLC v. Smith, 470 F.Supp.2d 586, 592 (D.Md. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, when a party challenges subject-matter jurisdiction, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

---

² Pinson does not expressly differentiate her claims as separate counts, but the Court does so here for clarity.

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768 (citing Adams, 697 F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts

4

are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

The Court may determine on its own initiative that it lacks subject-matter jurisdiction, regardless of whether a party to the case has raised this claim. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see Fed.R.Civ.P. 12(h)(3). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Arbaugh, 546 U.S. at 506 (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. at 502, 514. When the Court establishes that it does not have subject-matter jurisdiction, it "must dismiss the complaint in its entirety." Id.

**B.    Analysis**

    **1.    Sovereign Immunity**

Pinson brings her claims pursuant to the ADA, FMLA and MFEPA, with her claims under the ADA and FMLA forming the putative basis for this Court's jurisdiction. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted). Here, the Department of Health is a principal department of State government. Md. Code Ann., Health-Gen. § 2-101. The Exchange is "an instrumentality of the State" and a "unit of State government."

Md. Code Ann., Ins. §§ 31-102(b)(1)–(2). Both government entities are thus arms of the State. Defendants therefore argue that "[n]either the State, the Department of Health, nor the Exchange have waived Eleventh Amendment immunity for actions under the ADA or the FMLA." (Mem. Law Supp. Mot. Dismiss ["Mot."] at 7, ECF No. 21-1). Pinson does not contest this argument. (See generally Pl.'s Mem. Law. Supp. Resp. Opp'n Defs.' Mot. Dismiss ["Opp'n"] at 3–5, ECF No. 24-2). This Court has consistently held that by failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim. See O'Reilly v. Tsottles, No. GLR-18-3622, 2021 WL 424415, at *7 (D.Md. Feb. 8, 2021) (citing cases).[3] Accordingly, the Court will dismiss Pinson's claims under the ADA and FMLA with prejudice. See Kitchings v. Shelton, No. PWG-17-882, 2018 WL 398285, at *6 (D.Md. Jan. 12, 2018) ("Any abandoned claims are subject to dismissal with prejudice.").

### 2. Rehabilitation Act Claim

While conceding her claims under the ADA and FMLA, Pinson assures the Court that she "intended to bring a Rehabilitation Act claim for disability discrimination in her

---

[3] The Court notes that Defendants' argument would prevail even if Pinson had contested it. Maryland enjoys sovereign immunity unless it has consented to the suit or Congress has abrogated its immunity for the claim at issue. Pennhurst, 465 U.S. at 99. Neither exception applies here. See Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001) (holding that Congress lacked authority to abrogate states' sovereign immunity for claims asserted under Title I of the ADA); Coleman v. Court of Appeals of Md., 132 S.Ct. 1327, 1338 (2012) (holding that Congress lacked authority to abrogate states' sovereign immunity for claims relating to FMLA's self-care provision). Even if Defendants' Eleventh Amendment argument lacked merit, Pinson's ADA and FMLA claims would be barred under the doctrine of state sovereign immunity. See Williams v. Morgan State Univ., No. GLR-19-5, 2021 WL 3144890, at *3–6 (D.Md. July 26, 2021). Thus, in either case, the claims are subject to dismissal.

Complaint." (Opp'n at 4 (citing 29 U.S.C. § 794)). Pinson thus asks the Court to construe her Complaint to include a claim under the Rehabilitation Act. The Court declines to do so for several reasons. First, it is not at all obvious to this Court—and Pinson has offered only the most cursory argument on this point—that Pinson has adequately alleged the elements of a claim under the Rehabilitation Act. For one thing, Pinson does not allege in the Complaint that Defendants are recipients of federal funds. See 29 U.S.C. § 794(a) (prohibiting discrimination by "any program or activity receiving Federal financial assistance"). Second, Pinson was apparently aware and conceded that she had asserted her claims under the wrong statutes in her Opposition, but nevertheless declined to amend her Complaint, which she could have done as a matter of course. See Fed.R.Civ.P. 15(a)(1).

Third, it appears clear from the face of the Complaint that even if the Court did construe Pinson's allegations of disability discrimination as "intending" to assert a claim under the Rehabilitation Act, such a claim would be untimely in any event. See Ott v. Md. Dep't of Pub. Safety & Corr. Servs., 909 F.3d 655, 660 (4th Cir. 2018) ("The MFEPA, therefore, is the most analogous Maryland cause of action to [Plaintiff's] Rehabilitation Act claims, and its two-year statute of limitations governs her case."). Pinson asserts that the actions forming the basis for her Complaint occurred in 2015 and 2016. She filed the Complaint in 2020. This temporal gap far exceeds the statute of limitations under the Rehabilitation Act. To the extent that Pinson argues that the Court should toll the statute of limitations for her Rehabilitation Act claim during the pendency of her EEOC charge, such an argument would also be unsuccessful. See Ott v. Md. Dep't of Pub. Safety & Corr. Servs., No. RDB-16-3394, 2017 WL 3608181, at *5 (D.Md. Aug. 22, 2017) ("[T]he fact

that plaintiff filed a Charge of Discrimination with the EEOC does not create the type of 'exceptional circumstances' which warrant equitable tolling"), aff'd, 909 F.3d 655 (4th Cir. 2018); Harris v. O'Malley, No. WDQ-13-2579, 2015 WL 996557, at *5 (D.Md. Mar. 4, 2015) ("Because Harris was not required to pursue her EEOC Charge before filing this suit, the statute of limitations was not tolled."), aff'd, 670 F.App'x 108 (4th Cir. 2016).

Accordingly, the Court declines to construe Pinson's federal disability discrimination claim as arising under the Rehabilitation Act. Thus, Pinson's sole remaining claim against Defendants arises the MFEPA, a state law. Finding no remaining basis for this Court's original jurisdiction, the Court is compelled to dismiss Pinson's MFEPA claim without prejudice. See Barnett v. United States, 193 F.Supp.3d 515, 521 (D.Md. 2016) ("Without original jurisdiction, the Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367(a): there is nothing left to which supplemental jurisdiction can attach."); see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554 (2005) ("In order for a federal court to invoke supplemental jurisdiction . . . , it must first have original jurisdiction over at least one claim in the action.").

### 3. Pinson's Request to Amend

Finally, the Court turns to multiple instances in Pinson's Opposition in which she requests that, if the Court decides to grant Defendants' Motion, it instead grant her leave to amend the Complaint. (See Opp'n at 3, 4). Such an informal request to amend does not comport with the Federal Rules or the Local Rules of this Court. See Fed.R.Civ.P. 7(b); Local Rule 103.6 (D.Md. 2021); Hall v. JPMorgan Chase Bank, N.A., No. JKB-19-2510, 2020 WL 1452132, at *8 (D.Md. Mar. 25, 2020) ("Plaintiff did not file a motion or submit

8

a proposed amended complaint; he merely expressed his wish to amend in his opposition brief. The Court will deny his request as procedurally improper."). Pinson could have amended her Complaint "as a matter of course" after receiving Defendants' Motion and learning of the deficiencies in the Complaint. See Fed.R.Civ.P. 15(a)(1). Failing that, Pinson could have sought consent from Defendants or moved this Court for leave to amend her Complaint to assert a claim under the Rehabilitation Act. See Fed.R.Civ.P. 15(a)(2). Pinson failed to avail herself of either opportunity. In any event, for the reasons set forth in Section II.B.2, supra, Pinson's anticipated amendment would likely be futile. Accordingly, the Court will deny Pinson's request to amend her Complaint.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion (ECF No. 21). A separate Order follows.

Entered this 13th day of October, 2021.

/s/
George L. Russell, III
United States District Judge